# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ULYSSES ROBINSON, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 20-1439 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GIANT EAGLE t/d/b/a OK GROCERY COMPANY, and OK GROCERY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendants' Motion to Dismiss and to Compel Arbitration ("Def. MTD," Doc. 8) is denied.

Plaintiffs Ulysses Robinson, Anthony Hill, Davone Grayson and Showayne Samuels ("Plaintiffs") filed their Complaint (Doc. 1) on September 24, 2020, alleging racial discrimination in violation of 42 U.S.C. § 1981 in the form of adverse employment actions, namely termination, by Defendants, Giant Eagle t/d/b/a/ OK Grocery Company and OK Grocery ("Defendants").

On November 24, 2020, Defendants filed a Motion to Dismiss and to Compel Arbitration and a Brief in Support ("Def. Brief," Doc. 9), seeking to enforce the terms of a collective bargaining agreement ("CBA") entered into between Defendants and the General Teamsters, Chauffeurs and Helpers Local Union No. 249 ("Union"). Def. Brief. at 5. According to Defendants, Plaintiffs are subject to the terms and conditions in the CBA, including an arbitration clause. Id. at 6. As such, Defendants urge the Court to dismiss Plaintiffs' Complaint and compel Plaintiffs to submit their claims to arbitration.

The parties consented to additional time to file subsequent briefing, and Plaintiffs filed their "Reply" ("Pl. Opp.," Doc. 13) on December 28, 2020, arguing that the CBA does not contain

a valid waiver of Plaintiffs' (or any union member's) federal statutory claims, as outlined by the standard set by the Supreme Court and reiterated by the Court of Appeals for the Third Circuit, namely that any waiver of statutory rights must be clear and unmistakable. *See* Wright v. Universal Maritime Service Corp., 525 U.S. 70, 79-82 (1998), and Darrington v. Milton Hershey School, 958 F.3d 188, 191 (3d Cir. 2020). Defendants filed their Reply Brief ("Def. Reply," Doc. 15) on January 12, 2021, arguing that the CBA contains a waiver under the relevant law. Plaintiffs then filed motions for leave to file a sur-reply (Doc. 16), which the Court denied, and to supplement their reply with a declaration of counsel for Local Union No. 247, who participated in the negotiations leading to the CBA, which the Court granted (Doc. 17).

For the reasons that follow, the Court agrees with Plaintiffs that the CBA does not contain a clear and unmistakable waiver of Plaintiffs' ability to seek a remedy to their statutory antidiscrimination rights in court, and as such, Plaintiffs cannot be compelled to arbitrate their claims.

### I. The Arbitration Agreement

While Defendants acknowledge that Plaintiffs are exempt from the Federal Arbitration Act ("FAA"), they contend that Plaintiffs' claims are still arbitrable under state law and that agreements to arbitrate discrimination claims are encouraged by Congress and enforceable by Courts. Def. Brief at 8-9.

Defendants agree that the correct standard by which the Court should view the waiver is that it must be clear and unmistakable. Darrington, 958 F.3d. at 193. Defendants maintain that the CBA, read holistically, meets that standard. Namely, they argue that the Arbitration Clause in the CBA compels Plaintiffs to arbitrate any Section 1981 discrimination claims and that the CBA's broad arbitration provision covers any controversy governed by any provision of the CBA. Id. at

13. According to Defendants, because the CBA contains a provision explicitly requiring Defendants to "comply with all provisions of the ADA and all other federal, state or local anti-discrimination laws," this means that all individuals subject to the CBA are bound to arbitrate any claims alleging that Defendants have violated this provision of the CBA. Def. Brief, Ex.1 at 8. Finally, Defendants argue that Plaintiffs have already invoked CBA grievance procedures, will not suffer prejudice if forced to arbitrate these issues and that carving out Section 1981 claims will "gut" the arbitration provision of the CBA.

The Court disagrees with Defendants. Based upon the plain reading of the CBA, there is simply no clear and unmistakable waiver of Plaintiffs' federal statutory claims.[1] While Defendants are correct that no magic language is required, clear and unmistakable language that a waiver of federal statutory rights is contemplated must be present to bind an employee to an arbitration agreement. In Darrington, for example, the relevant CBA provision stated that "the Union [waived] any right to institute or maintain any private lawsuit alleging employment discrimination in any state or federal court regarding the matters encompassed within this grievance procedure." 958 F.3d at 195. Nowhere in the CBA here does the Court see any language that would alert Plaintiffs that they were waiving their right to seek a judicial remedy to any federal anti-discrimination statute violation.

---

[1] To the extent Defendants ask the Court to read the anti-discrimination provision in conjunction with the arbitration provision to find a clear and unmistakable waiver, the Court notes that the Third Circuit has considered this approach and has specifically rejected it. Darrington, 958 F.3d at 194-95 ("Some of our sister circuits have developed bright-line approaches for identifying clear and unmistakable waivers…[when] a general arbitration clause referring to all disputes is accompanied by an explicit incorporation of statutory antidiscrimination requirements elsewhere in the contract….The standard enunciated in Wright does not require magic words or prescribe any bright-line approach requiring enumeration of statutes, so we decline to adopt one.") (internal quotations and citations omitted). As such, the Court will not adopt that approach here either.

Instead, the Court agrees with Plaintiffs that the language contained in the CBA is more analogous to the situation in Reed v. Girard College, No. CV 20-2325, 2020 WL 4601246 (E.D. Pa. Aug. 11, 2020), where the court ruled that an arbitration clause would not be enforced against the plaintiff. As in this case, the Grievance and Arbitration Procedure in that case outlined the steps for "resolution of a violation of any of the provisions…[which] may be referred…to binding arbitration" and the Non-Discrimination provision, "simply [was] a general provision prohibiting Girard College from discriminating against its employees on the basis of race, sex, religion, or disability, among other grounds." Id. The instant case is indistinguishable.[2]

## II.     Conclusion

The Court does not find that the CBA contains a "clear-and-unmistakable waiver" of statutory anti-discrimination claims. Darrington, 958 F.3d at 193. Thus, Plaintiffs are not compelled to arbitrate their discrimination claims under 42 U.S.C. § 1981.

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 8**) is **DENIED**.

IT IS SO ORDERED.

June 29, 2021                                             s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] The language in the arbitration provision in this case states the process for resolving a grievance, or "any controversy, complaint, misunderstanding or dispute arising as to the interpretation, application or observance of any of the provisions of the Agreement" without any regard to waiver of statutory rights, and the language regarding anti-discrimination is merely a general provision prohibiting the employer from discriminating on the basis of race and other grounds. Def. Brief, Ex.1 at 8

4