# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ULYSSES ROBINSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 20-1439 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| GIANT EAGLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Consistent with the discussions at today's telephonic conference, Plaintiffs' request for comparator information in Local 636 is **GRANTED** only as follows.

The Court previously had denied Plaintiffs' discovery request for comparator information outside of the decision-makers who made the decisions as to these Plaintiffs. (Doc. 54.) As a result—to the extent that different decision-makers were involved—Plaintiffs were precluded from discovering information related to employees who belonged to a union (here, Local 636) different from Plaintiffs' union (Local 249). See Palmer v. Fed. Express Corp., 235 F. Supp. 3d 702, 714 (W.D. Pa. 2016) ("A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in.")

Ms. Pacanowski's involvement in the disciplinary process does not change the Court's analysis because, based on her supplied deposition testimony (Pacanowski Dep. Tr. at 9, 11, 17–21, 24, 30–31, 59, 81–82, 85, 93, 115, 117–118, 133–134, 158), there is no indication that she was a "decision-maker" for Local 636 employees. To be sure, when Ms. Pacanowski was in human resources, she did what all human resources employees traditionally do—i.e., collect facts, conduct investigations and make recommendations for discipline. However, she also

testified that the actual decision-makers in those cases were free to accept or ignore her recommendations. This Court is unprepared to issue a ruling that would, essentially, turn all human resources personnel into "decision-makers" for purposes of determining whether employees are similarly-situated, absent a demonstration that they actually made decisions.

As to the other individuals referenced in Ms. Pacanowski's deposition, *i.e.*, the corporate officials who allegedly ratified, in some cases, disciplinary actions taken against both Local 636 and Local 249 employees, Plaintiffs are entitled to additional discovery to the extent that the discipline was for the same alleged wrongdoing in which Plaintiffs engaged and to the extent that these individuals also were involved in Plaintiffs' discipline. For example, as a starting point, Plaintiffs may craft discovery requests to assess whether the two individuals referenced by Ms. Pacanowski were decision-makers in Plaintiffs' cases and, if so, whether, during the relevant timeframe, they also were decision-makers for any employee discipline in both Local 636 and Local 249 concerning violations of the policy at issue in this case.

Any suggestion that Plaintiffs must have access to all materials concerning any discipline in the two locals for violations of the relevant policy to essentially "double-check" Defendants' responses, ignores the requirement that discovery be relevant and, therefore, that comparators be similarly-situated. Indeed, under Plaintiffs' theory, a plaintiff would always be entitled to discover all sorts of company-wide information on the theory that they must check all materials to ensure that a defendant is meeting its discovery obligations, *i.e.*, "give me all records on all terminations company-wide so that I can ensure that those really are the only terminations for a transgression of X rule." That simply is not how discovery works, and is inconsistent with the spirit of Federal Rules of Civil Procedure 1 and 26(b)(1).

**IT IS SO ORDERED.**

February 24, 2022                                             s/Cathy Bissoon
                                                                  Cathy Bissoon
                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record