IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ULYSSES ROBINSON, *et. al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 20-1439 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| GIANT EAGLE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Defendants' Motion for Summary Judgment (Doc. 79) will be granted.

Plaintiffs have not put forward meaningful evidence suggesting that they were terminated under circumstances that would give rise to an inference of unlawful race discrimination.[1] *See* Defs.' Br. (Doc. 80) at 5 (reciting elements of *prima facie* case).

The record reflects that Hill was terminated because he had violated Defendants' harassment and workplace violence policy. *See id.* at 5–6 (citing record evidence). And that Robinson was terminated for violating Defendants' harassment and workplace violence and retaliation policies and the standards of conduct policy. *See id.* at 12–14 (citing record evidence).

Plaintiffs only viable theory for discrimination is premised on a comparability analysis. *See* Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 322 (3d Cir. 2000) ("A violation of company policy can constitute a pretext for unlawful discrimination if others similarly situated

---

[1] The Court's determination is based on record evidence that is either undisputed as indicated by the parties, or not fairly disputed on the record. Disputed facts are viewed in the light most favorable to the nonmoving party in accordance with Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

also violated the policy with no adverse consequence."). But Plaintiffs have not demonstrated that any of the alleged comparators were similarly situated to them in all relevant respects, and were treated more favorably. *See* Pls.' Opp'n Br. (Doc. 97) at 12–14 (discussing Silvio, Grzandziel and Maxwell). In fact, the record reflects otherwise. *See* Defs.' Br. at 9–12 & 14–15 (citing record evidence).

Assuming a*rguendo*, that Plaintiffs would be able to make out a *prima facie* case, the Court also finds that there was no pretext. Defendants proffered reasons have not been rebutted. As an initial matter, Plaintiffs fail to appreciate that to prevail on their § 1981 claims, they must "ultimately prove that, but for race, [they] would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020). It is not enough to establish that "race played 'some role' in the defendant's decisionmaking process." *Id.* at 1013 (quoting Nat'l Ass'n of African American-Owned Media v. Comcast Corp., 743 F. App'x 106, 107 (9th Cir. 2018)). Rather, under § 1981, the race-based discrimination must have been the determinative reason for the adverse action. Arevalo-Carrasco v. Middleby Corp., Inc., 851 F. App'x 628, 630–31 (7th Cir. 2021) (citing Comcast, 140 S. Ct. at 1019).

Plaintiffs, however, do not even cite to the but-for causation standard, let alone apply it to their claims. And to the extent they question the adequacy of the underlying investigations or contend that Defendants' decision to terminate them was unreasonable or mistaken, Pls.' Opp'n Br. at 6–12, that does not help their cause.[2] *See* Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 283 (3d Cir. 2001) ("[I]t is not enough for a plaintiff to show that the employer's

---

[2] Parenthetically, Plaintiffs' assertion that "Pacanowski intentionally falsified information against Robinson in connection with the Tranter incident," Pls.' Br. at 11, is belied by the summary judgment record. *See* Defs.' Reply Br. at 3 (citing record evidence).

2

decision was wrong or mistaken, because the issue is whether the employer acted with discriminatory animus."); Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 332 (3d Cir. 1995) ("We do not sit as a super-personnel department that reexamines an entity's business decisions.")

To be sure, for inferences to be drawn, it is essential that there be basic facts in evidence that justify the described inference. But Plaintiffs have not furnished record evidence from which a factfinder could infer that—but for their race—Plaintiffs would not have been terminated. See Hatch v. Franklin Cty., 755 F. App'x 194, 198 (3d Cir. 2018) ("The non-moving party must present more than just bare assertions, conclusory allegations, or suspicions to show the existence of a genuine issue.")

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendants' Motion for Summary Judgment (**Doc. 79**) is **GRANTED.**  This case will be marked **CLOSED.**

IT IS SO ORDERED.

March 31, 2023                                s/Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):
All Counsel of Record